436 So.2d 670 (1983)
Sidney ROSENTHAL, Jr.
v.
Sidney ROSENTHAL, Sr.
No. CA-0580.
Court of Appeal of Louisiana, Fourth Circuit.
July 8, 1983.
*671 Ralph R. Alexis, III, Porteous, Hainkel, Johnson & Sarpy, New Orleans, for plaintiff-appellee.
George O'Dowd, New Orleans, for defendant-appellant.
Before GULOTTA, GARRISON and KLEES, JJ.
KLEES, Judge.
On April 14, 1948, in the Judgment of Possession in the Succession of Mrs. Alice Rosenthal, the appellant and husband of the deceased, Sidney Rosenthal, Sr., was placed into possession of an undivided one-half interest in all of the property left by his deceased wife, and was granted a usufruct over the other undivided one-half. The appellee and son of the deceased, Sidney Rosenthal, Jr., was recognized as the sole heir of his mother and was placed into possession of an undivided one-half interest in all of the property left by his deceased mother subject to the usufruct granted by his mother.
At the time of the judgment, certain movable items were located in the family owned drugstore and apartment building located at 346 Verret Street in New Orleans. However, in the early 70's the drugstore ceased operation and thereafter the items in question were simply stored at that location.
In 1979, the father and son apparently agreed that the movable property stored in the building should be sold at a mutually agreed upon price in order to facilitate a sale of the entire structure. In August of 1979, the appellee visited the building and noticed that it was totally and completely cleaned out. Subsequently, he discovered that his father had sold the property without his approval of the selling price.
Because of the sale, Sidney Rosenthal, Jr. sued his father claiming that the appellant violated the duties of a usufructuary. The trial court held that the movable property was sold without authority. Sidney Rosenthal, Sr. now appeals that decision.

ISSUE
The issue presented in this case is whether the appellant had the authority to sell the movable items. We conclude that he did and reverse.
The applicable law is set forth in La.Civ. Code art. 568 which states:
The usufructuary does not have the right to dispose of nonconsumable things unless the right has been expressly granted to him. Nevertheless, he may dispose of corporeal movables that are gradually and substantially impaired by use, wear, or decay, such as equipment, appliances, and vehicles, provided that he acts as a prudent administrator. Upon disposition, the usufruct is converted into a usufruct of money, and the usufructuary is bound to pay to the naked owner at the end of the usufruct the value that the things had at the time of disposition. (emphasis added)
Article 568 lists equipment, appliances and vehicles as illustrative of the type of items that may be gradually and substantially impaired by use, wear or decay.
In order to ascertain whether the items sold by the appellant qualify for the exception in favor of the usufructuary, it is necessary to examine the nature of the items involved. The movable property was particularly described in the Judgment rendered by the district court:
(1)(a) Three sets of solid Maple bedroom furniture consisting of chair, bed and chest of drawers;
(b) One set Walnut bedroom furniture consisting of bed, chifferobe, bureau and vanity.
(2) One set 5 Unit Drug Fixtures more particularly described as approximately 70 feet of wall cases consisting of glass-enclosed cases about 8 to 9 feet tall by 4 feet wide.

*672 (3) 7 show cases, more particularly described as follows:
(a) One marble-based candy case;
(b) One marble board display case;
(c) One marble based Cigar case;
(d) Small wrapping counter and case with shelves and glass doors;
(e) 1 Carrare glass topped solid fountain with Credenza back;
(f) 1 Marble based display case;
(g) 1 Small wooden display case.
(4) One glass-topped Soda Fountain.
The old drug store fixtures can certainly be characterized as equipment. Clearly these items were implements used in the operation of the drug store.
The furniture described in the judgment of possession was shown at trial to be used in rental apartments and as such may also be characterized as equipment.
Our reading of the record shows that appellant and appellee were in agreement that the furniture and fixtures were to be sold and that the premises were to be cleared.
Appellee's main argument is that appellant did not secure a high enough price.
Sidney Rosenthal Sr. testified that the items were deteriorated and many were even termite infested. These statements were never controverted. Considering the nature and condition of the items, we hold that the appellant had the right to sell the items based on the exception granted by law. C.C. art. 568.
Appellee argues that the value of the movables increased over time and therefore the exception should not apply. His expert who valued the property at $7,200.00 had not seen the property, but relied upon sketches and a description of it by appellee. The record indicates that the appellee himself tried to sell the items but the best firm offer he could obtain was $1,000. The appellant managed to sell the items for $3,000 and sent his son one-half of the proceeds (which he refused). The actions on the part of the appellant are indicative of a reasonable and prudent administrator. Therefore, we find that, under the factual circumstances of this case the appellant did not breach his duty as a usufructuary.
Accordingly, that portion of the judgment of the trial court in favor of plaintiff Sidney Rosenthal, Jr. and against defendant, Sidney Rosenthal, Sr. decreeing that Sidney Rosenthal, Sr. was not authorized to sell items of movable property included in the Judgment of Possession of the Succession of Mrs. Alice Darms Rosenthal, No. 280-751, Civil District Court for the Parish of Orleans is hereby reversed. All costs to be borne by appellee.
REVERSED.